## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**XY, LLC,**

       Plaintiff,

       v.

**TRANS OVA GENETICS, L.C.,**

       Defendant,

**INTREXON CORPORATION**,

       Third Party Movant.

Case No. 1:14-mc-00778 (CRC)

## OPINION AND ORDER

Before the Court is Plaintiff XY, LLC's Motion to Transfer Third Party Intrexon Corp.'s Motion to Quash Subpoena for Documents and Deposition of 30(B)(6) Witness and Alternatively for a Protective Order. Upon consideration of the motion, the opposition and reply thereto, and after consultation with the U.S. District Court for the District of Colorado, where the underlying litigation is pending, the Court will grant XY's motion.

### I.     Background

Plaintiff XY, LLC, and Defendant Trans Ova Genetics, L.C., are involved in a large and complex patent infringement suit in the U.S. District Court for the District of Colorado (the "Colorado Court"). XY, LLC v. Trans Ova Genetics L.C., No. 1:13-cv-00876 (D. Colo.). XY contends in the suit that Trans Ova infringed upon its patents for separated sperm cells in livestock, which are used to control the gender of livestock offspring. Intrexon's Mot. to Quash 3. Trans Ova counterclaims that XY has violated the antitrust laws by monopolizing the U.S. market "for

technology relating to the sorting of non-human, mammalian semen by sex." Id. at 4. The Colorado Court is currently considering motions for summary judgment.

XY has served a third-party subpoena on Intrexon Corp., a large Virginia corporation headquartered in Maryland that has entered into an agreement to acquire Trans Ova. The subpoena primarily seeks documents related to Hart-Scott-Rodino Act filings associated with the proposed acquisition. Intrexon's Mem. in Supp. of Mot. to Quash Ex. 1. The Colorado Court has extended the discovery deadline in the case to enable XY to attempt to obtain the subpoenaed materials. XY, LLC, ECF. No. 222. Intrexon has moved this Court to quash the subpoena, arguing that it does not possess the requested documents and that, in any event, the subpoena calls for trade secrets and other proprietary and privileged information.

XY has responded with a motion under Federal Rule of Civil Procedure 45(f) to transfer the dispute to the District of Colorado, where the underlying litigation is pending. It argues that the presumption in favor of litigating subpoenas in the compliance district should yield in this case due to the greater familiarity of the Colorado Court with the complex issues involved in the case and because handling the matter here, and potentially in other courts where the subpoenaed documents might be found, would disrupt the Colorado Court's management of the litigation at this advanced stage. It also contends that Intrexon would not be substantially burdened by litigating the subpoena in Colorado because, as Trans Ova's prospective parent corporation, it is already involved in settlement discussions in the case and has a direct financial stake in Trans Ova's counterclaims.

## II.     Analysis

In subpoena-related disputes, the federal district court where compliance is required "may transfer a motion . . . to the issuing court . . . if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). According to the Advisory Committee Note to the 2013 amendments to Rule 45,

2

"transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation . . . if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45(f) advisory committee's note. Such is the case here. Intrexon is a large corporation that is in the process of acquiring Trans Ova. XY's Mem. in Supp. of Mot. to Transfer 1; Id. Ex. 4 (Intrexon press release announcing definitive agreement to purchase Trans Ova for $110 million in cash, stock and other payments). While not a party to the Colorado litigation, Intrexon has a direct economic interest in Trans Ova's counterclaims. XY's Reply Ex. 8 at 54. It also has been involved in the formulation of Trans Ova's settlement position. Id. at 2. Intrexon's size and ongoing involvement in the underlying litigation make the burden of litigating this dispute in the District of Colorado minimal. Given the minimal burden, Intrexon's interest in obtaining local resolution of the motion to quash is outweighed by the interests of the Colorado Court in maintaining oversight of all aspects of this complex litigation, especially since the court has already supervised substantial discovery and begun preparations for trial.

While Intrexon argues that XY has not established the "exceptional circumstances" required by Rule 45(f), Intrexon's Opp'n to Mot. to Transfer 1, substantial caselaw, including cases applying the 2013 amendments to Rule 45, supports XY's motion. In Wultz v. Bank of China, Ltd., a fellow Court in this district granted a motion to transfer a subpoena-related dispute because the judge in the issuing court, who had coordinated complex discovery, was "in a better position to rule on the intervenors' motion to quash or modify the subpoena due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation." 88 Fed. R. Serv. 1304, at *7 (D.D.C. 2014). Similarly, in Patriot Nat. Ins. Grp. v. Oriska Ins. Co., the party opposing transfer argued, as Intrexon does here, "that the documents

3

sought pursuant to the subpoena duces tecum are irrelevant to the underlying dispute, and that the court need only make a cursory review of the face of plaintiffs' complaint and the subpoena to recognize the alleged irrelevance." 973 F. Supp. 2d 173, 175 (N.D.N.Y. 2013). The compliance court rejected this reasoning, finding that "the relevance argument advanced emphasizes the need for the court where the underlying matter lies to decide the matter." Id. at 176. Finally, in In re Subpoena to Kia Motors Am., Inc., the compliance court granted a motion to transfer under similar circumstances to those here, concluding that doing so "would not significantly burden [the local party]"—which was a national corporation rather than an individual resident of the local jurisdiction—and thus the presumption in favor of local resolution carried less force. No. SACV 14-315 JLS (RNBx), 2014 WL 2118897, at *1 (C.D. Cal. Mar. 6, 2014).

As suggested in the Advisory Committee Note to the 2013 amendments to Rule 45(f), the Court in reaching its decision has consulted with the magistrate judge handling discovery in the Colorado litigation, who concurs that, given the complexity and posture of the underlying case, the interests of judicial efficiency would be served by transferring this dispute to the District of Colorado. Fed. R. Civ. P. 45(f) advisory committee's note ("Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.").

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff XY, LLC's Motion to Transfer Third Party Intrexon Corp.'s Motion to Quash Subpoena for Documents and Deposition of 30(B)(6) Witness and Alternatively for a Protective Order [ECF No. 9] is GRANTED. It is further

**ORDERED** that Intrexon's Motion to Quash Subpoena for Documents and Deposition of 30(B)(6) Witness and Alternatively for a Protective Order [ECF No. 1] shall be transferred to the U.S. District Court for the District of Colorado.

**SO ORDERED.**

 

CHRISTOPHER R. COOPER
United States District Judge

Date:      September 10, 2014